# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:18-cv-10072-JVS-KES            Date: January 3, 2019

Title: YING JIAO YE V. LISA NORDHEIM

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **Order Dismissing Petition (Dkt. 1) With Leave to Amend**

On December 3, 2018, Petitioner Ying Jiao Ye ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) The Court has screened the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, the Court dismisses the Petition with leave to amend.

## I. BACKGROUND.

Petitioner is a native and citizen of the People's Republic of China. (Id. at 8.) On December 21, 2017, Petitioner was arrested and detained upon crossing the border into the United States without a valid entry document. (Id. at 2, 8.) Petitioner sought asylum, withholding of removal, and protection under the Convention Against Torture. (Id. at 9.)

On August 6, 2018, the immigration judge denied Petitioner relief. (Id. at 8-22.) The judge determined that Petitioner had not made a cognizable claim for refugee status and thus denied her application for asylum. (Id. at 20.) Specifically, the judge found: "Because [Petitioner] failed to testify credibly and the documentary evidence is insufficient to support her claims, the Court has no basis to conclude that [Petitioner] was ever harmed or threatened by

---

[1] The Rules Governing Section 2254 cases also may be applied to habeas corpus actions filed under Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases.

anyone in China." (Id.) On the same basis, the judge denied Petitioner's request for withholding of removal and request for protection under the Convention Against Torture. (Id. at 20-22.)

Petitioner initially appealed this decision to the Board of Immigration Appeals. (Id. at 6.) On October 25, 2018, Petitioner authorized her attorney to withdraw her appeal. (Id. at 7.) On November 2, 2018, Petitioner's attorney submitted a letter to the Board of Immigration Appeals, notifying the Board of the withdrawal. (Id. at 6.) As discussed below, upon withdrawal of the appeal, Petitioner's removal order became final. The attorney does not represent Petitioner in this action.[2]

## II. PETITIONER'S GROUNDS FOR RELIEF LACK MERIT.

Petitioner seeks relief for "ICE [Immigration and Customs Enforcement] detention beyond the time allowed by law." (Id. at 2.) Petitioner includes two grounds for relief: (1) unlawful denial of bail under "Section 236 of the Immigration and Naturalization Act,"[3] and (2) detention for more than ninety days after the final decision of the immigration court in violation of 8 U.S.C. § 1231. (Id. at 3.) Both of Petitioner's grounds for relief lack merit.

### A. Ground One: Denial of Bail.

Petitioner describes her first ground for relief as follows: "ICE should not detain petition [sic] if she does not have criminal records. … After she was arrested on 12/21/17 Petitioner has been detained without bail. Petitioner was found removable on August 6, 2018. And, it has been more than three month, during which ICE or DHS [Department of Homeland Security] has not removed the petitioner without providing the Petitioner a valid reason for detaining." (Id.) Petitioner claims that this violates Immigration and Nationality Act § 236, as amended, 8 U.S.C. § 1226.[4]

Section 1226 governs the detention of aliens pending a final order of removal; once an order of removal becomes final and the removal period begins, § 1231 governs detention. 8 U.S.C. §§ 1226(a), 1231(a)(1)(B), (a)(2); see also Padilla–Ramirez v. Bible, 882 F.3d 826, 829-831 (9th Cir. 2017).

---

[2] An attorney named Mr. Jeffrey E. Baron represented Petitioner during her removal proceedings. (Dkt. 1 at 6, 8.) An attorney named Mr. Lewis Hu filed the instant Petition as Petitioner's counsel. (Id. at 5.) Mr. Hu twice moved to appear pro hac vice in this Court. (Dkts. 3, 6.) Because the motions failed to comply with the Local Rules, the Court denied both without prejudice. (Dkts. 5, 8.) The Court is now treating Petitioner as self-represented.

[3] The Court believes Petitioner intends to refer to Immigration and *Nationality* Act § 236, as amended, 8 U.S.C. § 1226.

[4] For the sake of consistency with Petitioner's ground two, the statute is referred to as 8 U.S.C. § 1226.

When an alien is detained pending a final removal order, under § 1226 the Attorney General[5] may exercise discretion to release the alien on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2). If the Attorney General imposes detention, then the alien may seek review of that decision at a hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1); Preap v. Johnson, 831 F.3d 1193, 1198-99 (9th Cir. 2016).

When an alien is finally ordered removed and the removal period begins, under § 1231 the Attorney General "*shall* detain the alien" during the ninety-day removal period. 8 U.S.C. § 1231 (a)(2) (emphasis added). If the removal period elapses without removal effected, then the alien "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). For inadmissible or criminal aliens, the Attorney General has discretionary authority to detain or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6).

Therefore, if Petitioner's removal period has commenced pursuant to a final removal order, then § 1231 governs and Petitioner is subject to mandatory detention (until the removal period elapses). A removal period begins at the latest of the following: (1) "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). Only the first potential date applies here because there is no court-ordered stay[6] or detention under non-immigration process.

A removal order becomes administratively final "upon the earlier of ... a determination by the Board ... affirming such order ... or the expiration of the period in which the alien is permitted to seek review of such order by the Board." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1 (the removal order becomes final "[u]pon waiver of appeal").

Because Petitioner withdrew her appeal to the Board of Immigration Appeals, her removal is now administratively final. As such, § 1226 does not apply, contrary to Petitioner's contention. Because § 1231 applies (and the removal period has not elapsed, as explained below), Petitioner's detention is mandatory. Therefore, Petitioner's first ground for relief—detention without bail in violation of § 1226—lacks merit. To the extent Petitioner challenges her detention before the removal order became final, her claim is moot. See e.g., Van Eeton v. Beebe, 238 F.3d 433 (9th Cir. 2000) (unpublished memorandum).

---

[5] The immigration statutes at issue discuss detention by the Attorney General. After their enactment, immigration detention authority was transferred from the Attorney General to the Department of Homeland Security. 6 U.S.C. § 251(2). The immigration statutes have not been amended to reflect this change.

[6] This second potential date also does not apply here because the Petition does not entail judicial review of the *removal order*. Diouf v. Mukasey, 542 F.3d 1222, 1230 (9th Cir. 2008).

**B.	Ground Two: Detention Longer Than Ninety Days After Final Decision.**

Petitioner describes her second ground for relief as follows: "section 1231(a)(1) requires that an alien shall be released if the government cannot remove him or her within 90 days after the final order of the immigration court of the ICE's decision." (Dkt. 1 at 3.)

The Court notes the Petition's inconsistency. The first ground for relief arises under § 1226 and the second arises under § 1231; because the two statutes govern different points in time during removal proceedings, they cannot simultaneously apply.

Although § 1231 applies here, Petitioner's second ground for relief also lacks merit. Generally, an alien must be removed within a ninety-day removal period, which commences on the date the order becomes "administratively final," except as otherwise provided in the statute. 8 U.S.C. § 1231(a)(1)(A)-(B). Petitioner's removal order became final when she withdrew her appeal to the Board of Immigration Appeals. Petitioner consented to withdrawal on October 25, 2018, and her attorney notified the Board on November 2, 2018. Petitioner's removal period thus expires at the earliest on January 23, 2019, and at the latest on January 31, 2019.[7] Because the removal period has not elapsed, Petitioner's second ground for relief lacks merit.

**III.	CONCLUSION.**

IT IS HEREBY ORDERED that the Petition (Dkt. 1) is DISMISSED without prejudice and with leave to amend.

Petitioner may file a First Amended Petition **on or before February 1, 2019**. The First Amended Petition should bear the docket number assigned to this case (2:18-cv-10072-JVS-KES), be labeled "First Amended Petition," and be complete in and of itself without reference to the original Petition or any other documents (except any documents that are attached to the First Amended Petition as exhibits). Because Petitioner is now proceeding pro se, she must sign and submit the First Amended Petition herself.

**If Petitioner fails to timely file a First Amended Petition in compliance with this Order, then this action may be dismissed for lack of diligent prosecution.**

The Clerk is directed to provide Petitioner a copy of the federal habeas form (CV-27).

									Initials of Deputy Clerk JD

---

[7] Even if the ninety-day removal period had elapsed, the Supreme Court recognizes that when Section 2241 habeas petitions challenge detention exceeding the ninety days, there is a six-month presumptive limit to reasonable duration of post-removal-period detention. Zadvydas v. Davis, 533 U.S. 678 (2001).