# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-10072-JVS-KES | Date: January 23, 2019 |

Title: YING JIAO YE V. LISA NORDHEIM

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     Order to Show Cause Why Habeas Petition Should Not Be Dismissed as Moot

## I. BACKGROUND

On December 3, 2018, Petitioner Ying Jiao Ye ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition") seeking release from custody. (Dkt. 1.) On January 3, 2019, the Court screened the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and dismissed the Petition with leave to amend on or before February 1, 2019. (Dkt. 11.)

On January 7, 2019, the Court docketed the following two motions from Mr. Lewis Hu as he seeks to appear pro hac vice: (1) a motion for an extension of time to submit certificates of good standing (Dkt. 14) and (2) a motion for an exception to the local counsel requirement of the Local Rules. (Dkt. 15.) On January 11, 2019, the Court denied both motions without prejudice. (Dkt. 16.) The January 11, 2019 order, however, was returned to the Court as undeliverable, indicating that Petitioner has been released from custody.

## II. DISCUSSION

"Federal courts lack jurisdiction to consider moot questions or to declare principles or

---

[1] The Rules Governing Section 2254 cases also may be applied to habeas corpus actions filed under Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases.

rules of law which cannot affect the matter in issue in the case before it." Forest Guardians v. Johanns, 450 F.3d 455, 361 (9th Cir. 2006) (quotation marks and citation omitted). "An action is moot if it has lost its character as a present, live controversy" and "there is no effective relief that the court can provide." Id. A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)); see also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (dismissing habeas petition as moot where petitioners were released from custody).

Here, it appears that Petitioner was released from custody. If Petitioner has been released, then it is unclear what relief the Court could provide in a habeas proceeding. In that case, the Petition would be moot, and the Court would lack jurisdiction to consider it.

IT IS THEREFORE ORDERED that, **on or before February 22, 2019**, Petitioner shall show cause, in writing, why her Petition should not be dismissed as moot.


CC:
Mr. Lewis Hu
139 Centre Street Suite 222
New York, NY 10013


                                        Initials of Deputy Clerk JD