O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YING JIAO YE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LISA NORDHEIM,<br><br>　　　　Respondent. | Case No.  2:18-cv-10072-JVS-KES<br><br>ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE |

## I.
## PROCEDURAL BACKGROUND.

On December 3, 2018, the Court docketed an undated Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") filed by Petitioner Ying Jiao Ye ("Petitioner").  (Dkt. 1.)  Petitioner alleges that she is a is a native and citizen of the People's Republic of China.  (Id. at 8.)  On December 21, 2017, Petitioner was arrested and detained upon crossing the border into the United States without a valid entry document.  (Id. at 2, 8.)  On August 6, 2018, the immigration judge denied Petitioner asylum, withholding of removal, and protection under the Convention Against Torture.  (Id. at 8-22.)  Petitioner initially appealed this decision to the Board of Immigration Appeals but withdrew her appeal on

1

November 2, 2018.  (Id. at 6-7.)

Petitioner seeks relief for "ICE [Immigration and Customs Enforcement] detention beyond the time allowed by law."  (Id. at 2.)  Petitioner includes two grounds for relief: (1) unlawful denial of bail under "Section 236 of the Immigration and Naturalization Act,"[1] and (2) detention for more than ninety days after the final decision of the immigration court in violation of 8 U.S.C. § 1231.  (Id. at 3.)  On screening,[2] the Court determined that both grounds for relief lack merit.  (Dkt. 11.)  The Court dismissed the Petition without prejudice and with leave to file a First Amended Petition on or before February 1, 2019.  (Id. at 4.)  Petitioner never did so.

Additionally, non-resident attorney Mr. Lewis Hu has sought to appear pro hac vice on behalf of Petitioner.  (Dkts. 3, 6, 12, 14, 15.)  The Court denied Mr. Hu's motions without prejudice for repeated failures to comply with the Local Rules.  (Dkts. 5, 8, 13, 16.)

On January 18, 2019, the postal service returned the Court's January 4, 2019 minute order (Dkt. 13) as undeliverable.  (Dkt. 16.)  It was marked "Return to Sender," with "Released" handwritten across the front.[3]  (Id. at 1.)  Assuming Petitioner had been released from custody, on January 23, 2018, the Court issued an Order to Show Cause, requiring that on or before February 22, 2019, Petitioner

---

[1] The Court believes Petitioner intends to refer to Immigration and *Nationality* Act § 236, as amended, 8 U.S.C. § 1226.

[2] The Court screened the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Rules also may be applied to habeas corpus actions filed under Section 2241.  See Rule 1(b), Rules Governing Section 2254 Cases.

[3] The inmate locator on the Orange County Sheriff's Department website confirms that Petitioner is no longer incarcerated at the James A. Musick Facility.  See http://ws.ocsd.org/Whoisinjail/Search.aspx.

show cause, in writing, why the Petition should not be dismissed as moot. (Dkt. 19.) The Order indicated that if Petitioner had been released from custody, then it is unclear what relief the Court could provide in a habeas proceeding; if a favorable decision cannot redress Petitioner's claim for relief, then the Petition would be moot. (Id. at 2.) The Court mailed a copy of this Order to Mr. Hu at his office in New York. (Id.)

On January 24, 2019, the postal service returned the Court's January 11, 2019 minute order (Dkt. 16) as undeliverable. (Dkt. 20 at 1.) On February 5, 2019, the postal service returned the Court's Order to Show Cause (Dkt. 19) as undeliverable as well. Neither Petitioner nor Mr. Hu ever responded to the Court's Order to Show Cause.

## II.

## DISCUSSION.

Based on the foregoing, the Petition is dismissed on two grounds: (1) Petitioner's failure to prosecute and to comply with Local Rule 41-6; and (2) Petitioner's apparent release from detention, which renders the Petition moot. See Local Rule 72-3.2 ("[I]f it plainly appears from the face of the petition …that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.").

**A.** **Failure to Prosecute and to Comply with Local Rule 41-6.**

Local Rule 41-6 provides as follows:

A party proceeding pro se[4] shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any,

---

[4] This Rule applies here because the Court never granted Mr. Hu pro hac vice status. (See Dkt. 8 (after Mr. Hu filed another noncompliant motion to appear pro hac vice, removing Mr. Hu as counsel of record and treating Petitioner as self-represented).)

3

| | |
|---|---|
| 1 | and e-mail address, if any. If mail directed by the Clerk to a <u>pro se</u> |
| 2 | plaintiff's address of record is returned undelivered by the Postal |
| 3 | Service, and if, within fifteen (15) days of the service date, such |
| 4 | plaintiff fails to notify, in writing, the Court and opposing parties of |
| 5 | said plaintiff's current address, the Court may dismiss the action with |
| 6 | or without prejudice for want of prosecution. |

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. <u>See</u> Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6; <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. <u>See</u> <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); <u>Gibbs v. Hedgpeth</u>, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Petitioner's action based on her failure to provide the Court a current address in compliance with Local Rule 41-6 and her failure to file a timely First Amended Petition. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports

4

dismissal. The Ninth Circuit has noted that the "legitimate and solitary" objective of provisions such as Local Rule 41-6 is "to give pro se litigants an incentive to inform the court of any change of address to allow for the orderly processing of the lawsuit." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to provide an updated address undermines this objective.

The third factor—prejudice to Respondents—supports dismissal. This case has been pending for several months without action by Petitioner, and neither Petitioner nor her proposed counsel responded to the Order to Show Cause or filed a First Amended Petition. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. After the Court learned of Petitioner's potential release from custody, it independently issued an order affirmatively requiring Petitioner to provide an update on her custody status and sent a copy of this order to Mr. Hu in New York. (Dkt. 19.) The postal service returned the order sent to Petitioner as undeliverable (Dkt. 21) and Mr. Hu has not responded. The Court is therefore unable to contact Petitioner to impose some lesser sanction. See Carey, 856 F.2d at 1441.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The impact of that factor is mitigated here, however, by the likelihood that Petitioner's release from custody rendered her claim moot, as discussed below.

Since four of five enumerated factors support dismissal, this action is dismissed without prejudice pursuant to Rule 41(b) and Local Rule 41-6. See Local Rule 41-6 (authorizing dismissal "with or without prejudice for want of prosecution").

**B.    Mootness.**

Alternatively, the Petition is dismissed without prejudice as moot. Based on the retuned mail, it appears Petitioner has been released from custody. (Dkts. 18, 20, 21.)

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); see also United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007) (citations omitted). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit as a result of some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

Consequently, habeas petitions that raise claims that are fully resolved by release from custody are rendered moot upon the petitioner's release. Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007); see also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (dismissing habeas petition as moot where petitioners were released from custody). Because mootness is a jurisdictional bar, moot petitions should be dismissed. Kittel, 620 F.3d at 951-52.

Assuming Petitioner has been released from immigration custody as indicated on the returned mailing (Dkt. 18), there is no further relief this Court can provide in this action. Petitioner has neither responded to the Court's Order to Show Cause and nor asserted any collateral consequences that are redressable by success on her original petition, which challenged the length of her detention. Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired … some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be

maintained.").

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." Id. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. Id.; Alaska Ctr. For Env't v. U.S. Forest Serv., 189 F.3d 851, 854-55 (9th Cir. 1999). Petitioner has "the burden of showing there is a reasonable expectation that [she] will once again be subjected to the challenged activity." Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985) (citation omitted). Petitioner has not shown that there is a reasonable expectation that she will be subject to indefinite detention proceedings in the future, or that the time spent in ICE detention will always be so short as to evade review.

### III.
### CONCLUSION.

Based on the above, the Petition is dismissed without prejudice. A separate judgment will be entered.

DATED: February 27, 2019

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. KAREN E. SCOTT
United States Magistrate Judge

7